UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

PAUL R. KOCH,

     Appellant,

  v.

KRISTA M. PREUSS,

     Appellee.

No. 19-CV-2830 (KMK)

ORDER

KENNETH M. KARAS, United States District Judge:

Paul R. Koch ("Appellant"), proceeding pro se, appeals from certain Orders of the United States Bankruptcy Court for the Southern District of New York. On March 5, 2020, the Court issued an Order directing Appellant to show cause why his appeal should not be dismissed in light of his failure to file a brief or otherwise prosecute his claim. (Dkt. No. 10.) On March 16, 2020, Appellant responded. (Dkt. No. 11.) Because Appellant has failed to show good cause, and for the following reasons, and Appellant's appeal is dismissed.

## I. Background

On March 29, 2019, Appellant filed his Notice of Appeal and Application to proceed in forma pauperis ("IFP"). (Dkt. Nos. 1–2.) On April 30, 2019, the Court granted Appellant's IFP Application. (Dkt. No. 3.) Appellant never filed a designation of bankruptcy record on appeal or an opening brief, and had no further communication with the Court for four and a half months.

On September 23, 2019, the Court issued an Order to Show Cause directing Appellant to explain, by no later than October 25, 2019, why the appeal should not be dismissed for failure to prosecute. (Dkt. No. 4.) On October 25, 2019, the Court received a letter from Appellant requesting a 30-day extension in which to respond to the Order. (Dkt. No. 5.) The Court granted the extension, and directed Appellant to respond by November 28, 2019. (Dkt. No. 6.) On

December 3, 2019, the Court received a lengthy letter from Appellant discussing his health and family challenges and representing that the Order To Show Cause was his "first notice that delays in prosecuting [his] [a]ppeal could result in a potential dismissal." (Dkt No. 7.) On December 6, 2019, the Court memo endorsed Appellant's letter, permitting the appeal to continue but reminding Appellant that he "must comply with all deadlines" and that his pro se status "does not excuse Appellant from complying with all rules." (Dkt. No. 8.) For the next three months, Appellant again had no further contact with the Court.

On March 5, 2020, the Court issued a second Order to Show Cause directing Appellant to explain, by March 16, 2020, why this case should not be dismissed for failure to prosecute. (Dkt. No. 10.) In its Order, the Court noted that Federal Rule of Bankruptcy Procedure 8018(a)(1) makes clear that an "appellant must serve and file a brief within 30 days after the docketing of notice that the record has been transmitted or is available electronically." Fed. R. Bankr. P 8018(a)(1). The Court also noted that nearly a year had passed since Appellant filed his Notice of Appeal; that ten months had passed since Appellant's IFP status was granted; that over three months had passed since Appellant acknowledged that "delays in prosecuting [his] [a]ppeal could result in a potential dismissal"; and that over three months had passed since the Court again warned Appellant that he must comply with all rules and deadlines. (Dkt No. 10.) On March 16, 2020, Appellant filed a response, arguing that (1) all deadlines in this appeal should be suspended in light of his filing of an additional Chapter 13 bankruptcy on January 16, 2020, and (2) Appellant should be granted an additional 90 days due to Appellant's need to self-quarantine and leave New York State in light of the coronavirus pandemic. (*See* Dkt. No. 11.)

## II. Discussion

This Court has the authority to dismiss a case for failure to prosecute. *See* Fed. R. Civ. P. 41(b). Rule 41(b) of the Federal Rules of Civil Procedure provides that a case may be involuntarily dismissed if a plaintiff "fails to prosecute or to comply with these rules or a court order." Although Rule 41(b) expressly addresses a situation in which a defendant moves to dismiss for failure to prosecute, it has long been recognized that a district court has the inherent authority to dismiss for failure to prosecute sua sponte. *See LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962)).

While dismissal under Fed. R. Civ. P. 41(b) is subject to the sound discretion of the district courts, *see U.S. ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 250–51 (2d Cir. 2004), the Second Circuit has stated that a Rule 41(b) dismissal is a "harsh remedy to be utilized only in extreme situations," *LeSane*, 239 F.3d at 209 (internal quotation mark omitted) (quoting *Theilmann v. Rutland Hosp., Inc.*, 455 F.2d 853, 855 (2d Cir. 1972)). However, it has also stated that the authority to invoke dismissal for failure to prosecute is "vital to the efficient administration of judicial affairs and provides meaningful access for other prospective litigants to overcrowded courts." *Lyell Theatre Corp. v. Loews Corp.*, 682 F.2d 37, 42 (2d Cir. 1982).

Before exercising its discretionary authority to dismiss for failure to prosecute, a district court should consider the following factors:

> [1] the duration of the plaintiff's failures, [2] whether plaintiff had received notice that further delays would result in dismissal, [3] whether the defendant is likely to be prejudiced by further delay, [4] whether the district judge has take[n] care to strik[e] the balance between alleviating court calendar congestion and protecting a party's right to due process and a fair chance to be heard . . . and [5] whether the judge has adequately assessed the efficacy of lesser sanctions.

3

*Hardimon v. Westchester County*, No. 13-CV-1249, 2014 WL 2039116, at *1 (S.D.N.Y. May 16, 2014) (alterations in original) (quoting *LeSane*, 239 F.3d at 209). No single factor is dispositive. *See LeSane*, 239 F.3d at 210; *Hardimon*, 2014 WL 2039116, at *1.

Similar principles apply under the Federal Rules of Bankruptcy Procedure. Under Rule 8009(a), an appellant "must file with the bankruptcy clerk and serve on the appellee a designation of the items to be included in the record on appeal and a statement of the issues to be presented . . . within 14 days after: (i) the appellant's notice of appeal as of right becomes effective under Rule 8002; or (ii) an order granting leave to appeal is entered." Fed. R. Bankr. P. 8009(a)(1). Rule 8003(a)(2) further authorizes a district court to "act as it considers appropriate, including dismissing the appeal," where an appellant "fail[s] to take any step other than the timely filing of a notice of appeal." Fed. R. Bankr. P. 8003(a)(2). "If an appellant fails to file a Designation and Statement on time, he must demonstrate 'excusable neglect' to avoid dismissal of his appeal." *In re 199 E. 7th St. LLC*, No. 17-CV-545, 2017 WL 2226592, at *1 (S.D.N.Y. May 19, 2017) (citing *Lynch v. United States (In re Lynch)*, 430 F.3d 600, 603 (2d Cir. 2005)). Relatedly, when "an appellant fails to file a brief on time or within an extended time authorized by the district court or BAP, an appellee may move to dismiss the appeal—or the district court or BAP, after notice, may dismiss the appeal on its own motion." Fed. R. Bankr. P. 8018(a)(4). The Second Circuit has further explained that, when considering dismissal of a bankruptcy appeal for failure to make timely initial filings, district courts "should exercise discretion to determine whether dismissal is appropriate in the circumstances." *In re Tampa Chain Co., Inc.*, 835 F.2d 54, 55 (2d Cir. 1987) (citations omitted). In particular, courts in the Second Circuit generally consider the following:

4

> [(1)] the danger of prejudice to the debtor, [(2)] the length of the delay and its potential impact on judicial proceedings, [(3)] the reason for the delay, including whether it was within the reasonable control of the movant, and [(4)] whether the movant acted in good faith.

*In re Enron Corp.*, 419 F.3d 115, 122 (2d Cir. 2005) (citing *Pioneer Investment Services Co. v. Brunswick Assocs. Ltd. Partnership*, 507 U.S. 380, 395 (1993). The Second Circuit has further explained that courts should "focus[] on the third factor," i.e., "the reason for the delay, including whether it was within the reasonable control of the movant," and should take a "hard line" in applying this test, because "[t]he burden of proving excusable neglect lies with the late-claimant." *In re Enron Corp.*, 419 F.3d at 121–22 (citation omitted); *see also Veeraswamy v. Jones as Tr. of Estate of Veeraswamy*, No. 19-CV-2129, 2019 WL 6716714, at *1 (E.D.N.Y. Dec. 10, 2019) (dismissing a bankruptcy appeal for failure to file an opening brief); *In re 199 E. 7th St. LLC*, 2017 WL 2226592, at *2 (dismissing a bankruptcy appeal for failure to file a designation of record on appeal); *In re Residential Capital, LLC*, No. 1:16-CV-8549, 2016 WL 7477558, at *2 (S.D.N.Y. Dec. 28, 2016) (dismissing a bankruptcy appeal for failure to file an opening brief).

The Court concludes that, whether analyzed under Fed. R. Civ. P. 41(b) or Fed. R. Bankr. P. 8009(a), 8003(a)(2), and 8018(a)(1), the above factors weigh in favor of dismissal of this Action. Appellant's failures have been ongoing and extensive, and Appellant has received multiple notices that his failures would result in dismissal. Despite these warnings, Plaintiff has repeatedly failed to communicate with the Court for months at a time, and still has not filed a designation of record on appeal or an opening brief. (*See* Dkt. Nos. 4, 7.) Moreover, on September 23, 2019, the Court issued an Order to Show Cause, thereby warning Appellant that his failure to prosecute the case would result in its dismissal within 30 days. (Dkt. No. 4.)

Despite an extension of this deadline to November 28, 2019, (Dkt. No. 6), Appellant failed to respond in a timely fashion, submitting a response on December 3, 2019. (Dkt No. 7.) Nevertheless, the Court, in its discretion, permitted Appellant a final opportunity to prosecute his case, again warning him that failure to comply with deadlines would result in dismissal. (Dkt. No. 8.) Appellant, however, again failed to take any action to further this appeal.

Appellant's arguments in response to the Court's latest Order to Show Cause, (*see* Dkt. No. 10), are without merit. First, Appellant's filing of a new Chapter 13 bankruptcy does not entitle him to an automatic stay. The Bankruptcy Code provides that the filing of a bankruptcy "operates as a stay, applicable to all entities, of . . . the commencement or continuation . . . of a judicial, administrative, or other action or proceeding *against the debtor*." 11 U.S.C. § 362 (emphasis added). Accordingly, "courts consistently hold that actions brought *by* a debtor are not subject to the automatic stay." *Leeber Realty LLC v. Trustco Bank*, No. 17-CV-2934, 2019 WL 498253, at *11 (S.D.N.Y. Feb. 8, 2019), *aff'd,* No. 19- CV-1626, 2019 WL 6918514 (2d Cir. Dec. 19, 2019); *see also Koolik v. Markowitz*, 40 F.3d 567, 568 (2d Cir. 1994) (per curiam) ("This Court has recognized that the automatic stay is applicable only to proceedings 'against' the debtor." (citation omitted)); *Martin-Trigona v. Champion Fed. Sav. & Loan Ass'n*, 892 F.2d 575, 577 (7th Cir. 1989) ("[T]he automatic stay is inapplicable to suits *by* the bankrupt. . . . This appears from the statutory language, which refers to actions 'against the debtor,' and to acts to obtain possession of or exercise control over 'property of the estate,' and from the policy behind the statute, which is to protect the bankrupt's estate from being eaten away by creditors' lawsuits and seizures of property before the trustee has had a chance to marshal the estate's assets and distribute them equitably among the creditors." (citations omitted)). Here, both the underlying

bankruptcy proceeding and the present appeal were brought by Appellant. Appellant cannot, therefore, rely on any new bankruptcy filing to assert a stay of the instant Action.[1]

Appellant's attempt to invoke the recent coronavirus pandemic to excuse his failures over the past eleven months is, frankly, appalling. Over the past few days, this Court has granted every request for an extension or telephone conference with which it has been presented based on the coronavirus. The Court is acutely aware of the hardships and dislocations associated with the current pandemic, and the Court has assumed good faith by those making related requests. Appellant's request, however, is different. While the coronavirus outbreak is recent, appearing in the United States and coming to public attention within the last month, Appellant's failures have been lengthy, repeated and ongoing for nearly a year. Indeed, even after the Court's first Order to Show Cause, when the Court permitted Appellant to continue his appeal and warned him that he must obey all deadlines, (*see* Dkt. Nos. 7–8), Appellant still had several months to pursue this case prior to the coronavirus outbreak. Additionally, Appellant's decision to file an additional bankruptcy on January 16, 2020 demonstrates that he was fully capable of filing his designation

---

[1] The Court notes that the timing of Appellant's most recent Chapter 13 bankruptcy—and his attempt to invoke an "automatic stay" in connection with that filing— is highly suspicious. Plaintiff filed this new bankruptcy on January 16, 2020, precisely a year after he filed his Notice of Appeal in the underlying case. The timing suggests an attempt to evade 11 U.S.C § 362(c)(3)(A). This provision, passed by Congress as part of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, seeks to prevent debtors from filing repeat bankruptcies as a tool to gain automatic stays. Thus, pursuant to § 362(c)(3)(A), where a debtor's previous case "was pending within the preceding 1-year period but was dismissed," the usual automatic stay "shall terminate with respect to the debtor on the 30th day after the filing of the later case." *Id.*; *see also In re Weil*, No. 3:12CV462, 2013 WL 1798898, at *2 (D. Conn. Apr. 29, 2013) (explaining the effect of § 362(c)(3)(A)). Appellant's filing of a new bankruptcy immediately after this 1-year window elapsed suggests an actor familiar with, and seeking to "game," the bankruptcy system, rather than a hapless litigant disadvantaged by his pro se status.

of record and opening brief months ago. In sum, Appellant cannot excuse his longstanding failure to prosecute his appeal by retroactively capitalizing on a recent crisis.

Moreover, Plaintiff is perfectly capable of preparing and filing any submissions remotely (as many other litigants have done), as evidenced by his filing of his response to the Court's most recent Order. Indeed, the Court is troubled that Appellant is seeking to use the coronavirus pandemic to justify his continued efforts to indefinitely delay the prosecution of his bankruptcy appeal. The coronavirus has nothing to do with Appellant's *decision* to ignore the many deadlines and court orders in this case. Again, the efforts of Appellant to file his response to the Order Show Cause belies any claim to the contrary.

As Appellant's repeated delays and failures to proceed are without excuse, the case is dismissed with prejudice for failure to prosecute. *See Veeraswamy*, 2019 WL 6716714, at *2 (dismissing a bankruptcy appeal for failure to timely file a brief); *Mena v. City of New York*, No. 15-CV-3707, 2017 WL 6398728, at *2 (S.D.N.Y. Dec. 14, 2017) (noting that "a pro se plaintiff is not exempt from complying with court orders and must diligently prosecute his case"); *In re 199 E. 7th St. LLC*, 2017 WL 2226592, at *2 (dismissing a bankruptcy appeal for failure to file a designation of record on appeal); *Capogrosso v. Troyetsky*, No. 14-CV-381, 2015 WL 4393330, at *5 (S.D.N.Y. July 17, 2015) (finding the fact that the plaintiff "has not responded to efforts to contact her" weighs in favor of dismissal for failure to prosecute); *Savatxath v. City of Binghamton*, No. 12-CV-1492, 2013 WL 4805767, at *1 (N.D.N.Y. Sept. 9, 2013) (dismissing case for failure to prosecute after the plaintiff "neglected to comply with an order . . . requiring him to notify the court . . . as to why th[e] action should not be dismissed for failure to prosecute"); *Smalls v. Bank of N.Y.*, Nos. 05-CV-8474, 07-CV-8546, 2008 WL 1883998, at *4

8

(S.D.N.Y. Apr. 29, 2008) (dismissing case for failure to prosecute where the court received no communication from the plaintiffs for nearly two months).

The Clerk of Court is directed to mail a copy of this Order to Appellant, and to close the case.

SO ORDERED.

Dated: March 19, 2020
       White Plains, New York

KENNETH M. KARAS
United States District Judge

9